IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARVIS POSTLEWAITE, #R-25461, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-01281-JPG |
| | ) |
| BETH TREDWAY | ) |
| and MS. DAVIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court for consideration is Plaintiff Jarvis Postlewaite's first amended complaint (Doc. 9). This action was originally filed by Jarvis Postlewaite and Dameon Cole on November 17, 2014 (Doc. 1). They commenced the action without paying a filing fee, filing a motion for leave to proceed *in forma pauperis* ("IFP motion"), or filing a complaint. Rather, Plaintiffs identified their initial pleading as a "Petition for Preliminary Injunction Relief and to Show Cause for a Temporary Restraining Order" (Doc. 1), which the Court construed as a complaint.

In the pleading, Plaintiffs Cole and Postlewaite asserted unrelated claims against different defendants. In an Order dated November 25, 2014, the Court severed the claims into seven separate actions (Doc. 3). In each, Plaintiffs were instructed to file an amended complaint and an IFP motion by December 30, 2014. Plaintiff Postlewaite complied with both of these orders, by timely filing an IFP Motion (Doc. 8) and a first amended complaint (Doc. 9). As instructed, Plaintiff Postlewaite also focused his pleading on the single remaining claim in this action,

i.e., Plaintiff Postlewaite's claim against Defendants Tredway[1] and Davis[2] for denying Plaintiff Postlewaite access to mental health care for his auditory delusions, depression, and anger, in violation of the Eighth Amendment (Count 1).[3]

The first amended complaint (Doc. 9) is now ripe for review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). When reviewing the allegations in light of this standard, the Court finds that the amended complaint survives preliminary review.

### First Amended Complaint

According to the first amended complaint, Plaintiff has received inadequate mental health treatment at Lawrence Correctional Center ("Lawrence") since he was transferred there on November 6, 2013 (Doc. 9, p. 4). He suffers from bi-polar disorder (which includes episodes of depression), auditory hallucinations, sleep deprivation, and an eating disorder. Plaintiff hears voices that tell him to hurt himself and others. Plaintiff alleges that he has, on several occasions,

---

[1] Defendant Tredway is the assistant warden of programs at Lawrence.
[2] Defendant Davis is described as a mental health doctor and social worker at Lawrence.
[3] In his first amended complaint, Plaintiff points out that he previously raised a similar claim in another action that is now pending in this District. *See Postlewaite v. Tredway, et al.*, Case No. 14-cv-0930-JPG (S.D. Ill., filed Aug. 25, 2014). In that case, Plaintiff mentioned his lack of mental health treatment in the initial pleading, which was a motion for temporary restraining order and preliminary injunction (Doc. 1). However, the Court denied the motion without prejudice and ordered Plaintiff to file an amended complaint setting forth those claims he wished to pursue. He did not raise the mental health treatment claim in his amended complaint (beyond making passing reference to it in a motion for preliminary injunction that was denied) and therefore did not proceed with the claim in that case. The Court found one other case that is pending in this District and peripherally addresses this claim. *See Postlewaite v. Cole, et al.*, Case No. 14-cv-0717-NJR-DGW (S.D. Ill., filed June 20, 2014). The focus of that case is on Plaintiff's untreated ear infection, although Plaintiff's lack of mental health treatment is mentioned. Plaintiff does not name Defendants Davis or Tredway in that lawsuit. Therefore, Plaintiff does not appear to be precluded from pursuing his mental health treatment claim against Defendants Davis and Tredway in this action.

tried to commit suicide "because of the voices in [his] head" (Doc. 9, p. 4). He describes the voices as being "beyond [his] control physically and mentally" (*Id.*).

Plaintiff claims that he has repeatedly "begged" Defendant Davis for help. In the process, he told her that he "didn't know how much longer [he] would be able to restrain [him]self from acti[ng] on what the voices tell [him] to do or from also hurting [him]self, officers, wardens, or other inmates" (Doc. 1, p. 4).

Despite these pleas for help, mental health treatment was not provided. Defendant Davis allegedly promised to meet with Plaintiff weekly, but failed to do so. Defendant Davis also told Plaintiff to let his physician know about the voices, so that his medication could be adjusted. However, "weeks upon weeks" have passed, and he has not seen anyone.

In addition, Plaintiff also met with Defendant Tredway, who is a warden at Lawrence (Doc. 1, p. 5). He attended a group meeting with Defendant Tredway and several other inmates, in order to discuss their mental health treatment concerns. Plaintiff voiced complaints about the lack of treatment, but alleges that these concerns were not documented. He specifically told Defendant Tredway about the voices that he hears; he explained that the voices deprive him of sleep and threaten everyone's safety. In response, Plaintiff Tredway simply stated that Lawrence does not have a sufficient number of mental health providers and social workers.

Plaintiff claims that his mental health needs cannot be met at Lawrence. Plaintiff is currently housed in a segregation unit on the B-wing. There is a crisis cell on the C-wing that is allegedly more suitable for mentally ill inmates. Social workers and mental health doctors visit the crisis cell on a daily basis. However, it is not available for long-term use. Because of the inadequate mental health facilities, Plaintiff seeks a prison transfer (Doc. 9, p. 8).

In the amended complaint, Plaintiff asserts claims against Defendants Davis and Tredway for "gross negligence" and for violations of his Eighth Amendment rights (Doc. 9, p. 7). He seeks monetary damages and a transfer to Dixon Correctional Center (Doc. 9, p. 8).

## Discussion

**Count 1 – Deliberate Indifference to Medical Needs**

The amended complaint states a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendants Tredway and Davis for failing to provide Plaintiff with adequate mental health treatment at Lawrence. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit has long held that "[t]he need for a mental illness to be treated could certainly be considered a serious medical need." *See Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (citing *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999)). Further, the complaint suggests that Defendants Tredway and Davis responded to Plaintiff's need for mental health treatment with deliberate indifference. Therefore, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Davis and Tredway.

**Count 2 - Illinois Medical Malpractice Claim**

Plaintiff also alleges that Defendant Davis was "grossly negligent" in the treatment of Plaintiff's mental health needs (Doc. 9, p. 7). The Court construes this claim as a medical malpractice claim (**Count 2**), which arises under Illinois state law. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). With this in mind, the Court will consider Plaintiff's state law claim.

A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, the Court has jurisdiction to consider whether a negligence claim has been stated under Illinois state law pursuant to 28 U.S.C. § 1367. Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has

consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[4] A separate affidavit and report shall be filed as to each defendant, which in this case would be Defendant Davis, who is the mental health doctor and social worker at Lawrence. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [the] complaint to comply with section 2-622 before [the] action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

---

[4] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report as it pertains to Defendants Davis.  Therefore, the claim in **Count 2** shall be dismissed.  However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days (**on or before March 4, 2015**) to file the required affidavit, if he wishes to revive the claim.

### Interim Relief

Plaintiff did not file a motion for temporary restraining order ("TRO") or preliminary injunction with his first amended complaint.  He also included no request for a TRO or a preliminary injunction in the first amended complaint.  The Court takes Plaintiff's allegations very seriously and reminds Plaintiff, who is an experienced litigator, that he may seek this relief on an interim basis at any time it becomes necessary during the pending action.  To do so, Plaintiff should file a separate motion for a TRO and/or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  The motion should be filed in this action and not a separate or new action.  The motion must set forth the specific request for relief, as well as the factual allegations that support the request.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that as to the medical malpractice claim in **COUNT 2** against Defendant **DAVIS**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of this order **(on or before March 4, 2015)**, if he wishes to revive this claim.  Further, Plaintiff shall timely file the required written report of a qualified health professional, in compliance with § 5/2-622.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS TREDWAY** and **DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the first amended complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States**

**Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 27, 2015**

*s/J. Phil Gilbert*
**United States District Judge**